ORIGINAL

FILED
JUL 3 2007
U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

GLOBE AVIATION SERVICES CORPORATION, GLOBE AIRPORT SECURITY SERVICES, INC. AND GLOBE AVIATION SERVICES CORPORATION OF PUERTO RICO,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

Case No. 07-500 C

**MOTION TO STAY PROCEEDINGS**

Plaintiffs, Globe Aviation Services Corporation, Globe Airport Security Services, Inc. and Globe Aviation Services Corporation of Puerto Rico (hereinafter, unless otherwise indicated, collectively "Globe" or the "Company"), by its undersigned counsel, Venable LLP, respectfully moves this Court to stay proceeding in the above case pending the United States Court of Appeals for the Federal Circuit's (hereinafter "the Federal Circuit") ruling in *Huntleigh USA Corporation v. the United States*, No. 07-5118 (Fed. Cir. filed May 11, 2007).

**INTRODUCTION**

In November 2001, the federal government enacted the Aviation and Transportation Security Act, Pub. L. No. 107-71, 115 Stat. 597 (2001) (hereinafter "the Act"). The Act required, among other things, that a newly-created federal agency – the Transportation Security Administration (hereinafter "TSA") – begin screening all passengers and baggage at all commercial airports in the United States and Puerto Rico using government personnel by November 19, 2002. As a result of the Act and the actions by TSA, the value of private security

screening businesses, such as Globe and Huntleigh USA Corporation (hereinafter "Huntleigh"), were essentially eliminated because they were excluded from performing such services at airports in the United States and Puerto Rico.

Huntleigh filed a compliant in this Court alleging that the government's actions in taking over its passenger and baggage screening services at commercial airports constituted a Fifth Amendment takings claim as well as a claim for compensation under Section 101(g) of the Act. On March 16, 2007, this Court denied all of Huntleigh's claims. *Huntleigh USA Corporation v. The United States*, 75 Fed. Cl. 642 (Mar. 15, 2007) (hereinafter "*Huntleigh*"). On May 11, 2007, Huntleigh filed a Notice of Appeal with the Federal Circuit appealing that decision. Due to the similarities between Huntleigh's and Globe's causes of action, the Federal Circuit's review of Huntleigh's claims will in all likelihood have a direct impact on the merits of Globe's claims. Therefore, this matter should be stayed until the Federal Circuit issues a decision on *Huntleigh*.

**ARGUMENT**

In *Huntleigh*, Huntleigh argued on two grounds – a Fifth Amendment takings claim and a statutory claim arising from the Act – that it was entitled to compensation for the contracts, goodwill and going-concern that were destroyed by the implementation of the Act. This Court held that Huntleigh was not entitled to compensation on either ground. With regard to Huntleigh's takings claim, the Court held that Huntleigh's "property interest" was not one that was compensable under the Fifth Amendment. *Id.* at 645. On the statutory claim, the Court found that Section 101(g)(3) of the Act did not apply "because the airlines never entered into any agreements to transfer contracts to the government." *Id.* at 649.

Globe, as a former competitor of Huntleigh in the airport security screening business, finds itself in a similar position as Huntleigh. Globe's causes of action alleged in this litigation,

like Huntleigh's, arise from the same governmental actions resulting in the federalization and complete destruction of the private airport security screening business via passage and implementation of the Act. As a result, Globe proffers substantially the same two causes of action in its complaint: 1) a claim for compensation under Section 101(g)(3) of the Act; and 2) a takings claim under the Fifth Amendment of the United States Constitution. Thus, the Federal Circuit's review of the Court's holding on these issues of entitlement could have a substantial, and potentially conclusive, impact on this Court's disposition of Globe's claims as well.

Due to the similarities between Huntleigh's and Globe's causes of action, a stay in this instance would benefit both parties to this suit, as well as this Court. Rule 1 of the *Rules of the United States Court of Federal Claims* stresses that administration of a proceeding in this Court should "secure, [among other things, the] inexpensive determination of every action." With that in mind, the Federal Circuit's decision could decide the claims at issue here, which would relieve Globe and the government of what could otherwise be an unnecessary and costly discovery process. A stay is also consistent with notions of judicial economy, whereby only if the Federal Circuit determines that the claims at issue in *Huntleigh*, which mirror those of Globe, are compensable, would this Court's resources be expended any further.

**CONCLUSION**

WHEREFORE, Globe respectfully requests that this Court grant its Motion to Stay Proceedings pending the Federal Circuit's ruling in *Huntleigh USA Corporation v. The United*

*States*, No. 07-5118 (Fed. Cir. filed May 11, 2007).

Date: July 3, 2007

Respectfully submitted,

John J. Pavlick, Jr.
Venable LLP
575 7th Street, N.W.
Washington, DC 20004-1601
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Of Counsel:
Paul A. Debolt
Dismas N. Locaria
Venable LLP
575 7th Street, N.W.
Washington, DC 20004-1601
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

DC1/244742